IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Erin L. Holowicki
individually
and on behalf of all persons
similarly situated
as Collective representative under
Illinois Law and/or as
members of the Collective as permitted
under the Fair Labor Standards Act;

        Plaintiff,

vs.

Lakefront Restaurant Inc. d/b/a
Stella's Diner, *et al.*,

        Defendants.

Case No. 18 cv 7337

The Honorable Ronald Guzman

Magistrate Judge Maria Valdez

## ALL DEFENDANTS' PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME, Defendants, LAKEFRONT RESTAURANT, INC. d/b/a STELLA'S DINER, MARIA MAVRAGANES, ANGELO MAVRAGANES, and "GUS" MAVRAGANES, through their undersigned counsel, Cass Thomas Casper, Esq., and Answers, in part, Plaintiff's Second Amended Complaint as follows.

### DEFENDANTS' ANSWERS TO ALLEGATIONS

### NATURE OF THE ACTION

1. Plaintiff, Erin L. Holowicki alleges individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that she, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week, and/or

1

proper payment based on Defendants' theft of Plaintiff's tips.

**ANSWER: Paragraph 1 states legal conclusions to which no answer is required. To the extent that Paragraph 1 is construed to contain any factual allegations, Defendants deny same.**

2. Plaintiff presents three (3) separate claims which are summarized as follows:

   a. Claim 1 – Plaintiff and Collective are not paid for all hours of work and Defendants thereby lose claims to payment via tip-rate exemption.

      i. Defendant pays four hours regardless of the length of shift (an off the clock claim or a time "shaving" claim), despite Plaintiff working approximately 7 hours per shift.

   b. Claim 2 – Defendant takes $15-$20 of servers' tips for a tip pool intended to be paid to busboys,

      i. but Defendants fails to pay the $15-$20 to the busboys thereby retaining those tips, and thereby losing its tip-rate exemption.

   c. Claim 3 – Defendants steal tips via use of a "ghost server" and or direct theft of cash tips from the tables,

      i. Defendants assign credit card tips to a server that does not exist and retaining those funds by managers/owners and thereby losing its tip-rate exemption.

**ANSWER: To the extent Paragraph 2 and all subparts state legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 2 and all subparts.**

3. Defendants policy and procedure of paying only four hours also is a violation of the tip pool regulations in that one of the tip pool regulations is that Plaintiff and collective are to be paid the "tip rate" for hours of work, yet by only paying four hours, Defendants are not paying the proper and complete tip rate of pay.

**ANSWER: To the extent Paragraph 3 states legal conclusions, no answer is required.**

**Defendants deny the factual allegations in Paragraph 3.**

4. An example of this is shown by simple math, if Plaintiff works 5.5 hours but is paid for only 4 hours, Plaintiff is receives $27.00 for four hours work (4 x $6.75 (required tip rate of pay under CMWO)) but the actual rate of pay is $4.90 per hour ($27.00 divided by 5.5 =$4.90 per hour paid).

**ANSWER: Paragraph 4 states a hypothetical allegation to which no answer is required. To the extent Paragraph 4 is construed to contain factual allegations, Defendants deny same.**

5. $4.90 per hour is less that the minimum wage under the CMWO ($6.25) and the IWML ($4.95).

**ANSWER: Paragraph 4 states a hypothetical allegation to which no answer is required. To the extent Paragraph 4 is construed to contain factual allegations, Defendants deny same.**

6. The other two claims ($15-$20 tip pool violation and the ghost-server claims) are also violations of the tip pool regulations and/or tip regulations.

**ANSWER: Paragraph 6 states legal conclusions to which no answer is required. To the extent that Paragraph 6 is construed to contain any factual allegations, Defendants deny same.**

7. If any claim is found correct and proven, the Defendants will be required to pay the following:

   a. Pay back the tips taken

   b. Pay the difference from the tip rate of pay and the applicable minimum wages for all hours worked for the last three years for all the servers.

   c. Pay all associated penalties:

      i. Liquidated damages;

      ii. 2% per month IMWL penalties;

      iii. 2% per month IWCPA penalties;

      iv. Triple damages pursuant to the CMWO

d. Fees and costs.

**ANSWER: Paragraph 7 states legal conclusions and hypothetical allegations to which no answer is required. To the extent that Paragraph 7 is construed to contain any factual allegations, Defendants deny same. Defendants further deny that Plaintiff is entitled to any relief whatsoever.**

8. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation and for violations of the tip pool regulations.

**ANSWER: Paragraph 8 states legal conclusions to which no answer is required. Defendants admit that this action is brought by Plaintiff Holowicki under the Fair Labor Standards Act, but deny the remaining factual allegations in Paragraph 8. Defendants further deny that Plaintiff is entitled to any relief whatsoever, and deny that Plaintiff states a valid collective action claim.**

9. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional Collective action.

**ANSWER: Paragraph 9 states legal conclusions to which no answer is required. Defendants deny that Plaintiff has stated any common law claims, and further deny that the state law claims stated in the Second Amended Complaint may be brought as "conventional Collective action" claims. To the extent that Paragraph 9 is construed to contain any factual allegations, Defendants deny same.**

10. Plaintiff, in her claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants,

liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

**ANSWER: Paragraph 10 states legal conclusions to which no answer is required. To the extent that Paragraph 10 is construed to contain any factual allegations, Defendants deny same. Defendants deny that Plaintiff is entitled to any relief whatsoever.**

<u>**JURISDICTION AND VENUE**</u>

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

**ANSWER: Admitted.**

12. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

**ANSWER: Admitted.**

13. The Court is authorized to issue a declaratory judgment.

**ANSWER: Admitted.**

14. Venue is proper in this Court.

**ANSWER: Admitted.**

15. Defendant does business and is a resident of this District and Division of Federal Court.

**ANSWER: Admitted.**

**ENTERPRISE JURISDICTION**

16. Plaintiff alleges Enterprise Jurisdiction, as Defendant is sufficient size to engage in commerce.

**ANSWER: Admitted.**

17. Thus Plaintiff alleges that Defendant has at least $500,000 in sales per year.

**ANSWER: Admitted.**

18. Defendant's operations exceed sales of $500,000.00.

**ANSWER: Admitted.**

19. Defendant, is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

**ANSWER: Admitted.**

### INDIVIDUAL FLSA COVERAGE

20. Further, the Plaintiff also alleges individual FLSA Coverage.

**ANSWER: Paragraph 20 states legal conclusions to which no answer is required. To the extent that Paragraph 20 is construed to contain any factual allegations, Defendants deny same.**

21. Defendants are also covered under individual coverage of the FLSA.

**ANSWER: Paragraph 21 states legal conclusions to which no answer is required. To the extent that Paragraph 21 is construed to contain any factual allegations, Defendants deny same.**

22. Even when there is no enterprise coverage, employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

**ANSWER: Paragraph 22 states legal conclusions to which no answer is required. To the extent that Paragraph 22 is construed to contain any factual allegations, Defendants deny same.**

23. Here Plaintiff, and Collective sold products to ultimate consumers that traveled in commerce.

**ANSWER: Admitted.**

24. The items that Plaintiff and collective sold include food items like orange juice, pineapple juice, meat, Mexican sausage, breads, soft-drinks and juices from other states in America and from other countries.

**ANSWER: Admitted.**

## FACTS REGARDING PLAINTIFF

25. Plaintiff, Erin L. Holowicki, is a resident of the State of Illinois.

**ANSWER: Defendants lack sufficient knowledge and information to admit or deny whether Plaintiff resides in Illinois.**

## STELLA'S CORPORATE FACTS

26. Defendant Lakefront Restaurant d/b/a Stella's Diner (Hereinafter referred to as "Stella's"), is a corporation or business which does business in Illinois.

**ANSWER: Admitted.**

27. Stella's operates a restaurant in Chicago Illinois.

**ANSWER: Admitted.**

28. MARIA MAVRAGANES, ANGELO MAVRAGANES, And "GUS" MAVRAGANES are owners and/or operators of Stella's.

**ANSWER: Admitted.**

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of STELLA'S who were, are, or will be employed by STELLA'S during the period of three

(3) years prior to the date of commencement of this action through the date of judgment in this action, who were:

    a. Worked off the clock via the only paying four hours policy and procedure which reduced or failed to pay for all overtime wages.

    b. Tip pool requirements were not fulfilled

    c. Tip pool and or tip rate regulations were not followed, via the ghost server policy, and/or failure to pay out $15-$20 of the tip pool to those in the tip pool.

    d. Who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or who were not compensated at the federal minimum wage rate of $7.25 per hour, via the above named policy and procedures.

**ANSWER: Paragraph 29 states legal conclusions and states Plaintiff's hypothetical theory of claims to which no answer is required. To the extent that Paragraph 29 is construed to contain factual allegations, Defendants deny same.**

30. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all server employees employed by Stella's.

**ANSWER: Paragraph 30 states legal conclusions to which no answer is required. To the extent that Paragraph 30 is construed to contain factual allegations, Defendants deny same. Defendants deny that Plaintiff has asserted collective action claims similar to other employees and deny that other employees have claims.**

31. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the

FLSA, and as such notice should be sent to the FLSA Collective. There are numerous
similarly situated current and former employees of STELLA'S who have been denied
proper payment of the overtime wages and/or violations of tip rate regulations, and/or tip
pool procedures. These current, former and future employees would benefit from the
issuance of a court supervised notice of the present lawsuit and the opportunity to join in
the present lawsuit. The similarly situated employees are known to Defendant and are
readily identifiable through Defendant's records.

**ANSWER: Paragraph 31 states legal conclusions and states Plaintiff's hypothetical theory
of claims to which no answer is required. To the extent that Paragraph 31 is construed to
contain factual allegations, Defendants deny same. Defendants admit that they have records
of past and present employees in the job title of server.**

## STATEMENT OF FACTS

A.    **STELLA'S policies and procedures and Compensation Practices fail to pay
proper overtime rate of pay and/or Minimum Wage and/or take tips which
are wages of Plaintiff and Collective**

**ANSWER: Defendants deny the factual allegations in Heading A.**

32. Plaintiff was employed by STELLA'S as an employee of the Defendant and Plaintiff who
work beyond forty hours, but for which Defendants failed to pay overtime at the proper
and correct rate of pay.

**ANSWER: Paragraph 32 states legal conclusions to which no answer is required.
Defendants admit that Plaintiff was employed by STELLA'S as an employee, but deny the
remaining allegations in Paragraph 32.**

## FAILURE TO PAY ALL WORK HOURS VIA DEFENDANTS' "ONLY

## PAYING FOUR HOURS PER SHIFT"

## POLICY AND PROCEDURE

**ANSWER: Defendants deny the factual allegations in the above Heading.**

33. Plaintiff and all waitstaff worked as hourly non-exempt employees.

**ANSWER: Admit.**

34. Defendant paid Plaintiff and all servers/waitstaff at a reduced rate of pay, known as a "Tip-Rate of Pay" and paid Plaintiff and Collective $6.75 per hour.

**ANSWER: Admit that Plaintiff and servers are paid at the Tip-Rate, but deny that Plaintiff and putative Collective have always been paid $6.75 per hour. Without more specificity as to time period, Defendants cannot answer the hourly rate that the Plaintiff and putative Collective were paid.**

35. Plaintiff and Collective was paid $6.75 per hour for hours paid less than 40 hours.

**ANSWER: Deny that Plaintiff and putative Collective have always been paid $6.75 per hour. Without more specificity as to time period, Defendants cannot answer the hourly rate that the Plaintiff and putative Collective were paid.**

36. However, Plaintiff was not paid for all work time, thus Plaintiff was not paid proper and complete minimum wage and overtime wages.

**ANSWER: Defendants deny the factual allegations in Paragraph 36.**

37. Plaintiff estimates that she worked between 3 hours off the clock each work shift due to the failure to pay all work hours.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations as to Plaintiff's estimate. Defendants deny that Plaintiff was not paid at least minimum wage for all hours worked.**

38. This off-the-clock work occurred when the Plaintiff and other employees had their work time shaved, which occurred every shift and every week, as this is Defendants' policy and procedure to shave work-time every shift and every week.

**ANSWER: Defendants deny the factual allegations in Paragraph 38.**

39. The Defendants shaving procedures require Plaintiff to work off the clock, each and every shift.

**ANSWER: Defendants deny the factual allegations in Paragraph 39.**

**DEFENDANTS' PROCEDURE OF PAYING FOUR HOURS PER SHIFT CAUSES A FAILURE TO PAY OVERTIME WAGE**

**ANSWER: Defendants deny the factual allegations in this Heading.**

40. Plaintiff pleads a specific overtime violation, as required by some District Court Judges.

**ANSWER: Defendants deny that Plaintiff has plead her claims with requisite specificity as required by some District Court Judges.**

41. During the Pay period of 7/23/18 to 7/29/18, Plaintiff was paid 32.00 hours at a rate of $6.75 per hour, but Plaintiff also worked, off the clock, approximately 8 shifts and paid just four hours for each, (8 x 4 = 32), but Plaintiff worked approximately 7 hours on each shift, for a total work hours of 56 hours with sixteen hours of overtime, for which Plaintiff was not paid any wages.

**ANSWER: Defendants admit that Plaintiff was paid $6.75 per hour during the week of 7/23/18 to 7/29/18 and that Plaintiff worked seven shifts during that week, but deny that Plaintiff was paid only four hours per shift, deny that Plaintiff worked seven hours per shift, and deny that Plaintiff worked sixteen hours of overtime. Defendants admit that Plaintiff worked a double shift on 7/28/2019. Defendants deny any remaining allegations in Paragraph 41.**

11

**Defendants admit that Plaintiff worked 45 hours the week of 7/23/2018 through 7/29/2018 but was not paid overtime that week for the additional five hours.**

42. As demanded by Defendants, the above FLSA violation was caused by the Defendants' policy and procedure described in that paragraph, the policy and procedure of paying only four hours, regardless of the hours worked.

**ANSWER: Defendants deny the factual allegations in Paragraph 42.**

43. This is a single example of overtime violation, however there are other violations in the same week under different theories, such as this week Plaintiff paid into the tip pool and management retained those funds, in violation of the tip pool regulations; thus a tip pool regulation violation.

**ANSWER: This Paragraph lacks the requisite specificity for Defendants to admit or deny any allegations, but references "different theories" and an unspecified week where Plaintiff claims tip pool funds were retained. Defendants cannot ascertain the meaning of this Paragraph. To the extent it is claiming that Plaintiff paid into a tip pool and management retained funds from such pool, Defendants deny same and deny all other factual allegations in Paragraph 42.**

44. However the tip pool regulation violation is also a minimum wage violation, as the retaining the tips by management voids Defendants ability to claim a tip rate exemption, resulting in minimum wage violations as Defendants are required to pay $7.25, $8.25 and $12.00, yet Plaintiff paycheck listed a pay rate of $6.45.

**ANSWER: Paragraph 44 states legal conclusions and states Plaintiff's hypothetical theory of claims to which no answer is required. To the extent that Paragraph 44 is construed to contain factual allegations, Defendants deny same. Without further specificity on the time period of the paycheck Plaintiff claims listed a pay rate of $6.45, Defendants lack sufficient**

**information to confirm or deny that Plaintiff's paycheck listed such a rate of pay.**

45. For this week, (and all weeks in which Defendants retained the tip pool funds) the theft of the tip pool payments of $15-20, which was retained by management of the restaurant, voids the Defendants' tip rate exemption, thus Plaintiff is also owed minimum wages equal to the 56 hours times the wage differential from $6.45 and $7.25 (FLSA), $8.25 (IMWL) and $12.00 (CMWO).

**ANSWER: Paragraph 45 states legal conclusions and states Plaintiff's hypothetical theory of claims to which no answer is required. Defendants deny stealing tips, but state that the servers are provided meals and snacks during their shifts for which $15 or $20 is retained, but not from minimum wages. To the extent that Paragraph 45 is construed to contain other factual allegations, Defendants deny same.**

46. Thus Plaintiff was not paid for approximately four hours of overtime work, during the work week of 7/23/18 to 7/29/18 and for minimum wages as alleged above.

**ANSWER: Defendants admit that Plaintiff worked 45 hours the week of 7/23/2018 through 7/29/2018 but was not paid overtime that week for the additional five hours, but deny that there was a minimum wage violation.**

**Chicago Minimum Wage Ordinance.**

47. Chicago, Illinois has a minimum wage of $12.00 per hour for non-tipped employees as of July 1, 2018.

**ANSWER: Defendants admit the allegation in Paragraph 47.**

48. The minimum wage for employees who receive gratuities is $6.25 per hour.

**ANSWER: Defendants admit the allegation in Paragraph 48.**

49. This minimum applies to employees who work two hours in any two-week period in the City of Chicago.

**ANSWER: Defendants admit the allegation in Paragraph 49.**

DEDUCTIONS VIOLATE THE TIP RATE REGULATIONS

**ANSWER: Defendants deny the allegation in the above Heading.**

50. In addition to the violations for the deductions, the deductions have a much larger effect on Plaintiff's claims, in that the deductions violate the tip rate regulations.

**ANSWER: Defendants deny the allegations in Paragraph 50.**

51. Defendants pay Plaintiff $6.45-$6.75 per hour, which is less than the minimum wage rates for the FLSA, IMWL, and CMWO.

**ANSWER: Defendants deny the allegations in Paragraph 51, and further deny that $6.45 and $6.75 were less than the tip rate minimum wages for relevant time periods.**

52. Defendants pay less than the minimum wage under FLSA, IMWL, and CMWO, via claiming and applying the tips received by the servers, to off-set the reduced rate of pay.

**ANSWER: Defendants deny the allegations in Paragraph 52.**

53. To be allowed to maintain pay employees at a "tip rate" Defendants must fulfill ALL the requirements for tip rate pay as per the FLSA, IMWL, and CMWO.

**ANSWER: Paragraph 53 states legal conclusions to which no answer is required. To the extent Paragraph 53 is construed to contain factual allegations, Defendants deny same.**

54. One of the regulations that Defendants must follow is that the employees must receive _**all**_ their earned tips.

**ANSWER: Paragraph 54 states legal conclusions to which no answer is required. To the extent Paragraph 54 is construed to contain factual allegations, Defendants deny same.**

55. Another requirement is that Plaintiff is paid the minimum wage "tip-rate", and by the Defendants shaving policy and procedure Plaintiff was not paid this rate of pay, thus again Defendants lose their claims to tip-rate exemption, via the $15-$20 deductions or

"ghost server" thefts the servers are not receiving all their earned tips.

**ANSWER: Paragraph 55 states legal conclusions to which no answer is required. Defendants deny the factual allegations in Paragraph 55, deny a shaving policy and procedure, and deny the "ghost server" allegations.**

56. The compelled deduction from the tips of servers reduces their tip wages.

**ANSWER: Defendants deny the allegations in Paragraph 56.**

57. In the Alternative, if the Defendants claim the tips are not taken via the deductions, the Defendants deductions violate the tip regulations by not paying the required tip rate of pay.

**ANSWER: Defendants deny the allegations in Paragraph 57.**

<b>Defendant Demanded Edits</b>

**ANSWER: Defendants deny the allegation in the above Heading. Defendants admit they filed a Motion to Dismiss the First Amended Complaint. (Dkt. 17).**

58. Defendants' have claimed that they have no notice of the claims without great amounts of factual detail, and Defendants cite a single District Court case to support that claim.

**ANSWER: Paragraph 58 is argumentative, unrelated to the factual allegations in this case, and no answer is required.**

59. Plaintiff disagrees that this is the standard under the FRCP, however to prevent further delays in this case, to avoid another round of motions, Plaintiff provides more detail, but disputes that such is required under a Notice pleading standard.

**ANSWER: Paragraph 59 is argumentative, unrelated to the factual allegations in this case, and no answer is required.**

60. Firstly, Plaintiff was employed by Defendants for approximately four years.

Plaintiff's employment ended just prior to the filing of the original complaint in November of 2018, thus her employment began with Defendants in 2014.

**ANSWER: Defendants admit the allegations in Paragraph 60.**

61. The "who" are ALL the server employees of the Defendant, the names provided by Defendants are Gail Combs, Rowe Cavelli, Anna Moroni, Laura Waslawski, Alexandra Mavraganes, Erin Holowicki, Samantha Mavraganes, Terrence Alexander, Amber Nicole Davidson, Kateryna Ryzhenko, Maria Rodriguez and Jeanette Payton, upon information and belief.

**ANSWER: Defendants admit that the foregoing persons were servers for STELLA's, except Kateryna Ryzhenko who was a hostess. Defendants deny that Plaintiff or her counsel represent these individuals and deny their ability to assert claims on their behalf without opt-in notices, assuming the Court allows a collective action to proceed.**

62. It is also possible that all hourly employees (busboys, cooks, ect) were also paid in the same manner, via 4-hour shift payments, but Plaintiff is unaware exactly how the busboys and other employees hours were calculated as she did not work in those positions, nor engage in protracted discusses with those persons.

**ANSWER: Defendants deny the allegations in Paragraph 62, deny that busboys, cooks, and other workers are similarly-situated, and deny that employees in such titles were improperly paid. Defendants admit that Plaintiff Holowicki is unaware of how the busboys and other employees hours were calculated and admit that Plaintiff Holowicki did not work in those positions nor engaged in protracted discussions with those persons.**

63. The "what" was plead originally, but Plaintiff re-pleads again: Plaintiff presents three (3) separate claims which are summarized as follows:

    a. Claim 1 – Plaintiff and Collective are not paid for all hours of work.

        i. Defendant pays four hours regardless of the length of shift (an off the clock claim or a time "shaving" claim)

    b. Claim 2 – Defendant takes $15-$20 of servers' tips for a tip pool intended to be paid to busboys,

        i. but Defendants fails to pay the $15-$20 to the busboys thereby retaining those tips

    c. Claim 3 – Defendants steal tips via use of a "ghost server",

        i. Defendants assign credit card tips to a server that does not exist and retaining those funds by managers/owners

**ANSWER: To the extent Paragraph 63 and all subparts state legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 63 and all subparts.**

64. The "when" is every shift, every day. Plaintiff notes that the shaving and tip claims occurred every shift, but her overtime claims are less frequent, see below. Also the "ghost server" tip theft was only detected by Plaintiff on a few occasions, but could be a wider and more prolific occurrence, as Defendants did not share with her all their thefts via the "ghost server".

**ANSWER: Defendants deny the allegations in Paragraph 64.**

65. The "How" is as stated above: Plaintiff presents three (3) separate claims which are summarized as follows:

    a. Claim 1 – Plaintiff and Collective are not paid for all hours of work.

        i. Defendant pays four hours regardless of the length of shift (an off the clock claim or a time "shaving" claim)

    b. Claim 2 – Defendant takes $15-$20 of servers' tips for a tip pool intended to be paid to busboys,

          i.  but Defendants fails to pay the       $15-$20 to the busboys thereby retaining those tips

     c.  Claim 3 – Defendants steal tips via use of a "ghost server",

          i.  Defendants assign credit card tips to a server that does not exist and retaining those funds by managers/owners

**ANSWER: To the extent Paragraph 65 and all subparts state legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 65 and all subparts.**

66. The "why" is to allow Stella's and the Individual Defendants to steal money from servers and Plaintiff.

**ANSWER: Defendants deny the allegations in Paragraph 66.**

67. The "time period" is for the last four years, for Plaintiff's claims, though Plaintiff's claims are likely capped at three years due to the Statute of Limitations under the FLSA and IMWL but not capped under the IWPCA 5-year limitations period.

**ANSWER: Paragraph 67 states legal conclusions to which no answer is required. To the extent Paragraph 67 is construed to contain factual allegations, Defendants deny same. Defendants also dispute that a three-year statute of limitations applies for the FLSA/IMWL claims, and state as an affirmative defense that the two-year statute of limitations applies.**

68. The "how much is involved" is an impossibly complex question for pleadings, as the Plaintiff worked for Defendant for 4 years, worked 5-10 shifts a week, 45-52 weeks a year.

     a.  That results in 2000 calculations for Plaintiff alone. Added to that, there are different remedies: stolen tips, shorted hours, differential from tip rate to regular rate (under three separate laws and rates of pay), liquidated damages, 2% IMWL penalties, treble penalties, pre-judgment interest.

**ANSWER: Paragraph 68 is argumentative and states legal conclusions to which no answer**

**is required. To the extent Paragraph 68 is construed to state factual allegations, Defendants deny same.**

69. The "when or how often during her employment she worked overtime" Plaintiff worked overtime approximately 18 times in the last three years. (while Defendants have not produced summary documents of her payroll yet, Plaintiff has her checks which she is relying upon for this pleading). The pay-dates for overtime weeks include:

    a.  9/3/18

    b.  8/8/18

    c.  8/1/18

    d.  7/4/18

    e.  6/20/18

    f.  6/6/18

    g.  10/4/17

    h.  9/13/17

    i.  9/6/17

    j.  7/26/17

    k.  4/19/17

    l.  1/24/17

    m.  10/18/16

    n.  8/30/16

    o.  8/2/16

    p.  7/16/16

    q.  6/7/16

    r.  11/3/15

**ANSWER: To the extent Paragraph 69 and all subparts state legal conclusions, no answer is required. Defendants deny that Plaintiff worked overtime for any of the listed 2018 work weeks, except for the week prior to 8/1/2019 as admitted in response to Paragraph 41, *supra*. At the time of this Answer, Defendants lack sufficient information to admit or deny whether Plaintiff worked overtime in the other weeks listed and would need to see the "checks" Plaintiff claims she relied upon.**

70. The "when or how often during her employment she…. or failed to receive appropriate compensation" was each and every shift in that Plaintiff was paid only 4 hours each and every shift, and Plaintiff's tips were taken each and every shift as plead elsewhere.

**ANSWER: Defendants deny the allegations in Paragraph 70.**

71. "how much overtime or how many hours worked as a result of any asserted Defendants' policy;" varied; in weeks where Plaintiff worked 6 shifts, and she was paid 24 hours (6 X 4=24), yet Plaintiff worked approximately 42 hours (6 x 7=42), in weeks where Plaintiff worked 7 shifts, and she was paid 28 hours (4 x 7 = 28), Plaintiff worked approximately 49 hours (7 x 7 = 49), and when Plaintiff worked 8 shifts, and she was paid 32 hours (8 x 4 = 32), yet Plaintiff worked approximately 56 hours (8 X 7 = 56), and ALL these unpaid overtime hours were unpaid as a result of the Defendants' "four-hour" per shift payment policy.

**ANSWER: This Paragraph lacks the requisite specificity for Defendants to admit or deny any allegations, but references unspecified weeks where Plaintiff claims she worked certain numbers of hours. Defendants deny that Plaintiff ever worked 56 hours in a workweek, and deny that she ever worked more than 40 hours in a work week, except for the work week prior to 8/1/18 as admitted in response to Paragraph 41, *supra*. Defendants deny the remaining allegations in Paragraph 71.**

72. As to "Whether other compensation may have offset any deficiency in overtime Compensation" Defendants are not allowed to avoid paying overtime, based on payment of tips to Plaintiff and Collective and the same applies to tip pool regulations. See 29 U.S.C. §207(h).

**ANSWER: Paragraph 72 is argumentative and states legal conclusions to which no answer is required. To the extent Paragraph 72 is construed to state factual allegations, Defendants deny same.**

### Individual Defendant Facts

73. Individual Defendants' Gus Mavraganes, Maria Mavraganes and Angelo Mavraganes are siblings. Their parents were the original owners/operators of the restaurant. Now the parents are deceased and they all own/operate the restaurant together. Defendants' have another brother, Peter Mavraganes who is not involved in operations thus is not named as a Defendant, even though he might be a part-owner.

**ANSWER: Defendants admit the allegations in Paragraph 73, but deny that Peter Mavraganes is a part-owner.**

74. In general, Gus Mavraganes is night shift manager, Maria Mavraganes is day shift manager, and Angelo Mavraganes is the swing shift management, but he is also a prep cook. Angelo Mavraganes controls most of the back of house operations. Maria Mavraganes also does prep cook on weekend mornings and Maria Mavraganes is in control of the scheduling for all staff.

**ANSWER: Defendants admit the allegations in Paragraph 74.**

75. Plaintiff worked mostly with Maria Mavraganes.

**ANSWER: Defendants admit the allegations in Paragraph 75.**

76. Plaintiff caught Gus Mavraganes withholding cash tips and engaging in the ghost server

21

theft. Example of cash theft: one day a busboy told Plaintiff a table left her a nice tip, but the money wasn't there. When Plaintiff confronted Gus Mavraganes, he took the money from his pocket and gave it to Plaintiff. If Plaintiff hadn't asked him, Plaintiff never would have never seen it. Plaintiff is confident that other cash tips were stolen by the Defendants.

**ANSWER: Defendant Gus Mavraganes denies the allegations in Paragraph 76 pertaining to him. The other Defendants make no answer to the allegations relating solely to Gus Mavraganes as such allegations are not directed to the other Defendants. All Defendants deny stealing cash tips.**

77. An example of ghost theft: Plaintiff saw her table's bill and credit slip but the credit slip didn't have her server number. Plaintiff printed her to report and saw her tips were unusually low for such a shift. Plaintiff confronted Gus Mavraganes and he said he would fix it. After "fixing" it he printed Plaintiff's report and the amount was the same. When Plaintiff showed him her report, he gave Plaintiff cash from the drawer.

**ANSWER: Defendant Gus Mavraganes denies the allegations in Paragraph 77 pertaining to him. The other Defendants make no answer to the allegations relating solely to Gus Mavraganes as such allegations are not directed to the other Defendants. All Defendants deny engaging in ghost theft.**

78. Plaintiff shared these stories of tip thefts with her coworkers (Laura, Ana, Gail, Jean and Rowe) about the incident and they all agreed they knew Gus Mavraganes and Angelo Mavraganes both steal tips of the servers.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations in Paragraph 78 as to what Plaintiff told other servers and what other servers allegedly stated. Defendants deny that they steal tips of servers.**

22

79. Plaintiff has also seen Angelo Mavraganes take money from tables and give the server some or none of the cash. Plaintiff remembers one day she saw $8 on a table and he gave her just $5. When she asked about it, he mysteriously returned with $6 and said there was also money at the register. This day was busy and there was no time to continue with the subject.

**ANSWER: Defendants lack sufficient information to admit or deny the allegations in Paragraph 79 as to what Plaintiff claims she saw without further specifics, such as approximate date, time, and other additional factual material. Based on the best of Defendant Angelo Mavraganes' recollection, he sometimes has taken money off of tables in order to seat waiting guests or so that customers do not steal it, but he denies that he ever stole any tips from Plaintiff.**

80. When confronted about the policy and procedure of paying only four hours, regardless of the hours worked Gus Mavraganes refused to talk about payroll, while Maria Mavraganes was dismissive and intimidating.

**ANSWER: Defendants deny the allegations in Paragraph 80.**

81. When confronted about the tips taken from checks Maria Mavraganes would say it was to pay the busboys. Maria Mavraganes told Plaintiff when she was newly hired that Defendants only pay servers 4 hours per-shift because if they recorded that servers worked 7 hours each shift, the servers' credit tips would not amount to minimum wage (thus Defendants would be forced to pay the difference).

**ANSWER: Defendant Maria Mavraganes denies the allegations in Paragraph 81 pertaining to her. The other Defendants make no answer to the allegations relating solely to Maria Mavraganes as such allegations are not directed to the other Defendants.**

82. Upon information and believe Angelo Mavraganes was in communication with payroll.

He signed the checks and if the servers had discrepancies (other than the 4 hour/shift and missing $15-20/shift), he would "fix" it, he would not "fix" the time shaving (paying four hours) nor the tip thefts. When confronted about the way we were shorted work time, Angelo Mavraganes would defer the question to Maria Mavraganes.

**ANSWER: Defendants Maria Mavraganes and Angelo Mavraganes deny the allegations in Paragraph 82 pertaining to them. The other Defendants make no answer to the allegations relating solely to Maria Mavraganes and Angelo Mavraganes as such allegations are not directed to the other Defendants.**

83. One of the Individual Defendants was always at the restaurant, overseeing, repairing, decorating, organizing. They were 100% hands-on in the operations: hiring, firing, scheduling, supervising, and causing the wage violations.

**ANSWER: Defendants admit the allegations in Paragraph 83, but deny causing wage violations.**

84. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

**ANSWER: Defendants deny the allegations in Paragraph 84.**

85. Defendants consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

**ANSWER: Defendants deny the allegations in Paragraph 85.**

86. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendants.

**ANSWER: Defendants admit the allegations in Paragraph 86.**

87. Plaintiff and the Collective employees were not paid the proper rate of overtime wages.

**ANSWER: Defendants deny the allegations in Paragraph 87.**

88. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her <u>regular pay</u> for ALL hours beyond 40.

**ANSWER: Defendants deny the allegations in Paragraph 88, except as to the week prior to 8/1/2018 as admitted in Paragraph 41, *supra*.**

89. Further that by forcing her to work off the clock, this is a violation of the Plaintiff's rights under FLSA as she was not paid at time-and-half during these hours and rather is paid nothing for this work time.

**ANSWER: Defendants deny the allegations in Paragraph 89, except as to the week prior to 8/1/2018 as admitted in Paragraph 41, *supra*. Defendants deny "forcing" Plaintiff to work overtime in such week, but rather she volunteered to work a double shift.**

90. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

**ANSWER: Paragraph 90 states legal conclusions to which no answer is required. To the extent Paragraph 90 is construed to contain factual allegations, Defendants deny same, except as to the week prior to 8/1/2018 as admitted in Paragraph 41, *supra*. As to that work week, Defendants deny that the error in payment violated the IWPCA for that work week.**

91. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

**ANSWER: Paragraph 91 states legal conclusions to which no answer is required. To the extent Paragraph 91 is construed to contain factual allegations, Defendants deny same.**

<u>**STELLA'S's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**</u>

**ANSWER: Defendants deny the allegations in the above Heading.**

92. STELLA'S required and permitted Plaintiff and the FLSA Collective, to work more than 40 hours in a week. STELLA'S did not pay Plaintiff and the FLSA Collective the proper overtime rate for all of these overtime hours and/or minimum wage hours.

**ANSWER: Paragraph 92 states legal conclusions to which no answer is required. To the extent Paragraph 92 is construed to contain factual allegations, Defendants deny same, except as to the week prior to 8/1/2018 as admitted in Paragraph 41, *supra*. As to that work week, Defendants deny that the error in payment was willful, knowledgeable, or in reckless disregard of the FLSA.**

93. STELLA'S unlawful conduct has been uniform, widespread, repeated and consistent.

**ANSWER: Defendants deny the allegations in Paragraph 93.**

94. Stella's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay and/or were not paid for all hours of work and/or had tips taken without authority.

**ANSWER: Defendants deny the allegations in Paragraph 94.**

95. Plaintiff presents three (3) separate claims which are summarized as follows, however as demanded by Defendants, all three types of claims are willful actions/violations of the law:

    a. Claim 1 – Defendants willfully did not pay for all hours of work.

        i. Defendants' willfully paid four hours regardless of the length of shift (an off the clock claim or a time "shaving" claim)

    b. Claim 2 – Defendants' willfully take/took $15-$20 of servers' tips for a tip pool intended to be paid to busboys,

        i. but Defendants willfully fail to pay the $15-$20 to the busboys thereby willfully retaining those tips

26

    c. Claim 3 – Defendants willfully steal tips via use of a "ghost server",

        i. Defendants willfully assign credit card tips to a server that does not exist and willfully retaining those funds by managers/owners.

**ANSWER: To the extent Paragraph 95 and all subparts state legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 95 and all subparts.**

96. Stella's must have known that, or shown reckless disregard for whether its conduct was prohibited by statute, as it is well known that paying all work hours is required under the law and reckless to believe that paying only four hours regardless of the work hours was legal.

**ANSWER: To the extent Paragraph 96 state legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 96.**

97. Likewise Stella's must have known that taking tips ($15-20) from servers, and management retaining those tips was illegal.

**ANSWER: Defendants deny the allegations in Paragraph 97.**

98. Likewise Stella's must have known that taking tips via a "ghost server" was illegal.

**ANSWER: Defendants deny the allegations in Paragraph 98.**

99. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

**ANSWER: Paragraph 99 is argumentative and precludes a response. To the extent it is construed to include factual allegations, Defendants deny same.**

100. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**ANSWER: Defendants lack knowledge and information sufficient to admit or deny the allegations in Paragraph 100. Defendants deny that any allegations plead on information and belief only are sufficiently so plead.**

**<u>FIRST CLAIM FOR RELIEF</u>**
**Individual Against All Defendants**
**Under the Illinois Minimum Wage Law "IMWL"**

101.      Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

**ANSWER: Defendants reallege, restate, and incorporate by reference all of the preceding Paragraphs of their Answers hereto as if fully set forth herein.**

102.      Plaintiff was an employee of the Defendants pursuant to the IMWL.

**ANSWER: Paragraph 102 calls for a legal conclusion that requires not answer. To the extent that Paragraph 102 is construed to contain factual allegations, Defendants admit the allegation in Paragraph 102 as to Plaintiff being a former employee of Defendant STELLA's.**

103.      Plaintiff was employed by Defendants as an employee.

**ANSWER: Defendants admit the allegations in Paragraph 103.**

104.      It is and was at all relevant times, a policy of Defendants to pay employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper deduction policy and procedures and/or off-the-clock work, and/or Tip rate violations.

**ANSWER: Paragraph 104 is too vague and disjunctive to permit an answer. To the extent it is construed to contain factual allegations, Defendants deny same.**

105.      The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendants' employees.

**ANSWER: To the extent Paragraph 105 states legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 105.**

106.    As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**ANSWER: Defendants deny the factual allegations in Paragraph 106.**

107.    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

**ANSWER: Paragraph 107 contains a legal conclusion and no response is required. To the extent Paragraph 107 is construed as containing factual allegations, Defendants deny the factual allegations in Paragraph 107. Defendants further answer that the two-year statute of limitations should apply.**

<u>**SECOND CLAIM**</u>

**Individual Against All Defendants**
**Under Illinois Wage Payment and Collection Act "IWPCA"**

**Defendants have filed a motion to dismiss in lieu of an answer to Plaintiff's Second Claim (Count 2).**

<u>**THIRD CLAIM FOR RELIEF**</u>
**On Behalf of Plaintiff and All Opt-In Employees**
**Against All Defendants**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

108.    Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

**ANSWER: Defendants reallege, restate, and incorporate by reference all of the preceding Paragraphs of their Answers hereto as if fully set forth herein.**

109.    The Collective claims include all plead claims found in this complaint which fall

within the coverage of FLSA.

**ANSWER: Defendants reallege, restate, and incorporate by reference all of the preceding Paragraphs of their Answers hereto which fall within the coverage of the FLSA as if fully set forth herein. To the extent that Paragraph 126 includes factual allegations, Defendants deny same.**

110.     The Collective claims include all employees which Defendants have failed to pay at an overtime rate of pay which does not include the off the clock time and/or reduces the rate of pay by deductions.

**ANSWER: To the extent Paragraph 127 states legal conclusions, no answer is required. If Paragraph 127 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 127. Defendants deny that Plaintiff has stated valid claims that properly encompass a collective action.**

111.     At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

**ANSWER: Defendants admit the allegations in Paragraph 128, but deny that there is more than one Plaintiff.**

112.     At all relevant times, the work performed by employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendants were, and continue to be, required

or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

**ANSWER: To the extent Paragraph 129 states legal conclusions, no answer is required. If Paragraph 129 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 129.**

113.     As a result of the Defendants willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Collective – employed by Defendants for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

**ANSWER: To the extent Paragraph 130 states legal conclusions, no answer is required. If Paragraph 130 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 130.**

114.     As a result of the Defendants willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Collective, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

**ANSWER: To the extent Paragraph 131 states legal conclusions, no answer is required. If Paragraph 131 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 131.**

115.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

**ANSWER: To the extent Paragraph 132 states legal conclusions, no answer is required. If**

**Paragraph 132 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 132.**

116.       Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**ANSWER: To the extent Paragraph 133 states legal conclusions, no answer is required. If Paragraph 133 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 133. Defendants deny that Plaintiff is entitled to such relief.**

117.       Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**ANSWER: To the extent Paragraph 133 states legal conclusions, no answer is required. If Paragraph 133 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 133. Defendants deny that Plaintiff is entitled to such relief.**

118.       Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER: Defendants admit the factual allegation in Paragraph 135.**

119.       At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendants within the meaning of the FLSA.

**ANSWER: Defendants admit that Plaintiff was so employed by Defendants, but lack sufficient information to admit or deny the remaining factual allegations in Paragraph 136.**

120.       At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER: Defendants admit the factual allegations in Paragraph 137 as to Plaintiff, but lack sufficient information to admit or deny the remaining factual allegations in Paragraph 137.**

121.      Due to Defendants' FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. §206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

**ANSWER: To the extent Paragraph 138 states legal conclusions, no answer is required.  If Paragraph 138 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 138.  Defendants deny that Plaintiff is entitled to such relief.**

122.      Individual Defendants MARIA MAVRAGANES, ANGELO MAVRAGANES, And "GUS" MAVRAGANES are named as an employers, as they knowingly permitted violations of the FLSA as alleged elsewhere in this complaint.

**ANSWER: To the extent Paragraph 139 states legal conclusions, no answer is required.  If Paragraph 139 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 138.  Defendants deny that they violated the FLSA.**

<u>**FOURTH CLAIM**</u>

**Individual Action Against Defendant Stella's**

**Under Chicago Minimum Wage Ordinance "CMWO"**

123.      Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

33

**ANSWER: Defendants reallege, restate, and incorporate by reference all of the preceding Paragraphs of their Answers hereto as if fully set forth herein.**

124.      Plaintiff is a covered employee by the CMWO

**ANSWER: To the extent Paragraph 141 states legal conclusions, no answer is required. If Paragraph 141 is construed to contain factual allegations, Defendants admit the factual allegations in Paragraph 141.**

125.      Defendant Stella is a covered employer pursuant to the CMWO.

**ANSWER: To the extent Paragraph 142 states legal conclusions, no answer is required. If Paragraph 142 is construed to contain factual allegations, Defendants admit the factual allegations in Paragraph 142.**

126.      It is and was at all relevant times, a policy of STELLA'S to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendant's improper deduction policy and procedures and/or off-the-clock work, and/or Tip rate violations.

**ANSWER: Paragraph 143 is too vague and disjunctive to permit an answer. To the extent Paragraph 143 is construed to contain factual allegations, Defendants deny same.**

127.      The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

**ANSWER: To the extent Paragraph 144 states legal conclusions, no answer is required. If Paragraph 144 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 144.**

128.      As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**ANSWER: To the extent Paragraph 145 states legal conclusions, no answer is required. If**

34

**Paragraph 145 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 145.**

129.    CMWO contains a three-year statute of limitations regardless of whether the violation was willful.

**ANSWER: To the extent Paragraph 145 states legal conclusions, no answer is required. If Paragraph 146 is construed to contain factual allegations, Defendants deny the factual allegations in Paragraph 146.**

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, individually and the FLSA Collective, pray for the following relief:

A.    That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendants and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

B.    Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 <u>et</u> <u>seq</u>. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C. Unpaid regular wages, and overtime wages pursuant to the IMWL, CMWO, IWPCA and other state wage laws.

D. Compensation originating from STELLA'S company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Certification of this case as a Collective action;

G. Designation of the Plaintiff as representative Collective, and counsel of record as Collective Counsel;

H. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

I. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act

K. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

L. Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each Collective member;

M. Consequential damages;

N. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois

Department of Labor regulations;.

P.  Treble damages pursuant to the CMWO.

Q.  and costs of this action; and

R.  Such other relief as this Court shall deem just and proper.

**ANSWER: WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.**

### AFFIRMATIVE DEFENSES

NOW COME, Defendants, LAKEFRONT RESTAURANT, INC. d/b/a STELLA'S DINER, MARIA MAVRAGANES, ANGELO MAVRAGANES, and "GUS" MAVRAGANES, through their undersigned counsel, Cass Thomas Casper, Esq., and state the following affirmative defenses to Plaintiff's Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

1.  The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.  Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.* ("FLSA") and the state laws raised in Plaintiff's Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

3.  At all times, Defendants acted in good faith and had reasonable grounds for believing actions were in compliance with the FLSA, the IMWL, the CMWO, or the IWPCA.

### FOURTH AFFIRMATIVE DEFENSE

4.  Defendants did not know or show reckless disregard for whether their alleged conduct was prohibited by the FLSA, the IMWL, the CMWO, or the IWPCA.

### FIFTH AFFIRMATIVE DEFENSE

5.  This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, *i.e.*, "hours worked," under the FLSA or the IMWL.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiffs' action is barred to the extent that she seeks to recover for time that is *de minimis* work

time and thus not compensable under the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

7. Without assuming the burden of proof, Plaintiff was compensated for all hours worked in any particular workweek at a rate not less than that set forth by applicable overtime provisions and considering tips and gratuities earned.

### EIGHTH AFFIRMATIVE DEFENSE

8. Without assuming the burden of proof, Plaintiff and members of the purported collective action are not similarly-situated because the potential claims of the purported collection action members reflect variability.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants actions with respect to withholding tips for lunches and snacks were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### TENTH AFFIRMATIVE DEFENSE

10. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred to the extent they seek recovery for alleged violations occurring more than two years prior to the filing of the Complaint.

### TWELTH AFFIRMATIVE DEFENSE

12. Plaintiff was properly compensated for all hours worked on a workweek calculation basis where her hours worked did not exceed 40 hours per week, that is, Plaintiff is not entitled to any compensation based on alleged minimum wage violations because her average hourly pay for any given workweek always exceeded minimum wage.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants reserve the right to assert further affirmative defenses as they become evident through

discovery and investigation.

## **DEMAND FOR TRIAL BY JURY**

Defendants demand a trial by jury.

Dated: April 3, 2019

Respectfully submitted,

By: */s Cass T. Casper*

_____

Attorney for Defendants

*Cass T. Casper, Esq.*
TALON LAW, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
P: (312) 351-2478
E: ctc@talonlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that the accompanying *All Defendants' Partial Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint* was served on the below-designated attorney by electronic service via the Court's ECF System on April 3, 2019, and that the listed attorney is a registered e-filer.

John Ireland, Esq.          atty4employees@aol.com

*s/Cass T. Casper*

_____

Cass T. Casper