# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Erin Holowicki,** | ) | |
| Plaintiff, | ) | No. 18 C 7337 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **Lakefront Restaurant Inc. d/b/a** | ) | |
| **Stella's Diner, et al.,** | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss Count II of the Second Amended Complaint ("SAC") [31] is denied.

## STATEMENT

Plaintiff, an employee of Stella's Diner, brings various wage-payment violation claims against Defendants. In the instant motion, Defendants move to dismiss Count II of the SAC, which alleges that Defendants violated the Illinois Wage Payment Collection Act ("IWPCA") by agreeing to pay Plaintiff $6.75 per hour but only paying her for four hours per shift.

"[A]n IWPCA claim will fail unless the plaintiff shows that the defendants owe her compensation pursuant to an employment agreement, which can manifest based on mutual assent and need not involve a written contract." *Brown v. DS Servs. of Am., Inc*., 246 F. Supp. 3d 1206, 1222 (N.D. Ill. 2017). "An agreement to pay what is already required by law is insufficient to state a claim under the IWPCA." *Dougherty v. City of Chi*., No. 15 C 10975, 2017 WL 5455374, at *4 (N.D. Ill. Nov. 14, 2017).

Plaintiff alleges that:

> 111. Defendants agreed to pay a rate of pay to the Plaintiff; the agreement for Plaintiff was to pay $6.75 per hour, yet by only paying 4 hours per shift, Defendants violated that agreement, thereby paying less than the agreed rate of pay.
>
> 112. This Agreement is both an Oral Agreement, as Defendants stated to Plaintiff that her rate of pay would be $6.75 *per hour*, and a Written Agreement, as Plaintiff's paychecks (and likely other Defendant documents such as payroll records) list Plaintiff's rate of pay as $6.75 *per hour*.

(SAC, Dkt. # 26, ¶¶ 111-12) (emphasis in original).

Defendants argue that Plaintiff's claim cannot stand because she is simply alleging a minimum-wage violation, *i.e.*, that she was not paid for four hours of her shift, which is a violation of the Illinois Minimum Wage Law. Plaintiff, on the other hand, contends that the claim is based on Defendants' failure to pay the agreed-upon $6.75 per hour, not a failure to pay the minimum wage per hour worked.[1]

The Court finds that Plaintiff has stated a claim under the IWPCA. In the event the evidence revealed during discovery demonstrates that Plaintiff's claim is actually just a claim for failure to pay the minimum wage, then Defendants may renew their argument on summary judgment or at trial; for now, the claim remains.

Defendants' motion to dismiss Count II is denied.

**Date:** May 14, 2019

**Ronald A. Guzmán**
**United States District Judge**

---

[1] The parties appear to disagree on what the Illinois hourly minimum wage was at the applicable time, but the Court need not resolve this discrepancy as it would require the Court to look outside the four corners of the complaint.